**RECORD NO. 15-4211**

In The
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## YAIR GUZMAN-ORTEGA, a/k/a Alex, a/k/a Chaparo,

*Defendant – Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

### BRIEF OF APPELLANT

J. Michael McGuinness
THE MCGUINNESS LAW FIRM
Post Office Box 952
2034 Highway 701 North
Elizabethtown, North Carolina  28337
(910) 862-7087

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

                                                                                                                **Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.     STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.   STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.    SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VII.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A)    WHETHER THE TRIAL COURT COMPLIED WITH RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND PROPERLY ACCEPTED APPELLANT'S GUILTY PLEA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B)    WHETHER APPELLANT'S SENTENCE MAY HAVE BEEN UNREASONABLE UNDER *U.S. V. BOOKER* AND WHETHER THE TRIAL COURT FAILED TO PROPERLY WEIGH AND APPLY THE STATUTORY SENTENCING FACTORS . . . . . . . . . 9

        C)    WHETHER THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL WHICH APPEARS ON THE RECORD . . . . . . . . . . . 12

VIII. ANDERS REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IX.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

X.   CERTIFICATE OF COMPLIANCE

XI.  CERTIFICATE OF FILING AND SERVICE

Appeal: 15-4211    Doc: 22    Filed: 09/17/2015    Pg: 3 of 20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anders v. California*,
386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 12

*United States v. Booker*,
543 U.S. 220 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 10, 11

*United States v. Burnette*,
518 F.3d 942 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Chavez-Diaz*,
444 F.3d 1223 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Hughes*,
396 F.3d 374 (4th Cir. 2005), *opinion amended on rehearing*,
401 F.3d 540 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Pepper*,
518 F.3d 949 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Martinez*,
277 F.3d 517 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Montes-Pineda*,
445 F.3d 375 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 3553(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 3553(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**RULES**

Fed. R. App. P. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Crim. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**GUIDELINE**

U.S.S.G. § 2D1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I.  STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE JURISDICTION

This case is on appeal from a final criminal judgment imposed on March 31, 2015 by U.S. District Court Judge Martin Reidinger.  The trial court's jurisdiction was premised upon 28 U.S.C. § 3231.  Jurisdiction of this Court was invoked pursuant to 28 U.S.C. § 1291 and Rule 4, Federal Rules of Appellate Procedure.

## II.  STATEMENT OF ISSUES

1.  Whether the District Court erred in accepting Appellant's guilty plea?

2.  Whether there was any plain error in the District Court's acceptance of Appellant's guilty plea?

3.  Whether the District Court erred in sentencing Appellant to a term of 168 months?

4.  Whether the District Court erred in misapplying sentencing factors under 18 U.S.C. § 3553(a)?

5.  Whether the District Court erred in imposing a sentence which was unreasonable in light of the appropriate sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005) and its antecedents?

6.  Whether the sentence imposed was lawful and reasonable?

7.  Whether there are any other identified errors either in the acceptance of the plea and/or sentencing?

1

8. Whether there was any ineffective assistance of counsel that appears on the existing record?

9. Whether there was any plain error which deprived Appellant of any of his rights?

10. Whether judicial review pursuant to *Anders v. California* reveals any prejudicial error?

### III.  STATEMENT OF THE CASE

Defendant/Appellant Guzman-Ortega was indicted on March 19, 2014 in the Western District of North Carolina, along with three co-defendants.  Appellant was indicted for alleged violation of conspiracy to posses with the intent to distribute methamphetamine, allegedly in violation of Title 21 U.S.C. § 841 as set forth in count one of the indictment.  Count five of the indictment alleged that Guzman-Ortega possessed with the intent to distribute a quantity of methamphetamine involving at least fifty grams of methamphetamine and a mixture of substances that was containing a detectable amount of marijuana, which allegedly occurred on or about December 6, 2013 within the Western District of North Carolina.  Count nine alleged that Guzman-Ortega possessed with the intent to distribution a quantity of methamphetamine involving at least 500 grams of mixture or substances containing a detectable amount of methamphetamine, which allegedly occurred on or about February 19, 2014.

2

On June 9, 2014, a Rule 11 Plea Hearing was held before the Honorable Dennis Howell, United States Magistrate Judge. Guzman-Ortega entered a plea pursuant to a written plea agreement, which was reviewed by Magistrate Judge Howell during the hearing. Judge Howell conducted an extensive Rule 11 colloquy with Guzman-Ortega. See plea transcript at 4-33. Appellant understood that he had the right to have a United States District Judge conduct the Rule 11 proceeding. T4  Appellant expressly consented to proceed before the Magistrate Judge. T4  Appellant acknowledged that he reviewed the Bill of Indictment and the Plea Agreement. T6 Appellant acknowledged reviewing the amended factual basis for his plea, and that it was read to him and translated from English to Spanish. T6

Appellant acknowledged that he was pleading guilty to count one of the indictment. T7  Count one of the indictment was read to Appellant by Magistrate Judge Howell. T9-11  Appellant indicated that he was pleading guilty to that alleged offense.

Magistrate Judge Howell advised Appellant of the essential elements of the offense. T11 Magistrate Howell also advised Appellant of any minimum and maximum penalties. T13  Appellant acknowledged that he fully understood the charges against him including the potential maximum and potential minimum penalties. T14  Magistrate Judge Howell continued to examine Appellant in substantial detail regarding many other inquiries in the Rule 11 proceeding. T16-31

3

Appellant understood that he was waiving his right to a jury trial with the right to confront and cross examine witnesses against him and other constitutional rights associated with a jury trial.  T18  Appellant understood that by entering his plea, that he was waiving and giving up all of those rights and that a trial would not be held.  T18

Appellant indicated that he committed the acts described in count one of the Bill of Indictment.  T19

The Government presented and articulated the amended factual basis for the plea. T20-25  After having heard the factual basis, Appellant acknowledged that the matters in the factual basis were true and accurate.  T25  The amended factual basis read to Appellant was translated from English into Spanish.  T25

Appellant acknowledged that his plea of guilty was voluntary.  T26  Appellant acknowledged that other than policies contained in the written plea agreement, that no one has made any promise to him or threatened him to cause him to enter his guilty plea against wishes.  T26

The written plea agreement was read during the Rule 11 hearing.  T27-30  The plea agreement was filed with the Court on May 22, 2014, document 44.  Appellant indicated to Magistrate Judge Howell that he understand and agreed with the terms of the plea agreement.  T30  Appellant signed the plea agreement.  T30  Appellant understood the limitations on his right to appeal.  T30

Appellant acknowledged that he had discussed possible defenses with his counsel and he was entirely satisfied with the services of his attorney. T31 Appellant acknowledged that he did not have any questions, statements or comments that he wanted to make after having heard the questions in the plea colloquy. T32

Magistrate Judge Howell referred to the "Rule 11 inquiry and order acceptance of plea" which was filed with the Court on June 9, 2014. Appellant and his counsel executed the Rule 11 inquiry and Magistrate Judge Howell executed it on June 9, 2014.

After all of the above, Magistrate Judge Howell found that Appellant's plea was knowingly and voluntary made and that he understood the charges, potential penalties and consequences of plea. T32 Magistrate Judge Howell further found that the plea was supported by an independent facts containing each of the elements of the offense charged against Appellant of the indictment and that the plea was accepted. T33

United States Probation Officer Timothy Woo issued the Presentencing Investigation Report. The offense conduct was set out in the report at pages 5-10.

United States Sentencing Guideline 2D1.1 applies to violations of 21 U.S.C. §§ 841 and 846. The Presentence Investigation Report indicated that Appellant was being held accountable for 2,046 grams of actual methamphetamine and 4,535.9

5

grams of marijuana. Therefore, a base level offense of 36 was determined by the Probation Officer.

A reduction for acceptance of responsibility was applied. Presentencing Investigative Report at 11. The total offense level was 33. Presentence Report at 11.

The criminal convictions of Appellant resulted in a subtotal criminal history score of four. Presentence Report at 15. Appellant committed the instance offense while on probation, therefore resulting in two point adjustment. Therefore, the Appellant's total criminal history score is six, with a criminal history category of III. Presentencing Report at 15.

The sentencing hearing was held before Judge Reidinger on March 31, 2015. Judge Reidinger examined Appellant regarding his guilty plea and the questions by Magistrate Judge Howell at the plea hearing. T9  Appellant acknowledged the presence of the interpreter previously at the Rule 11 hearing and an interpreter was present during the sentencing hearing. T11  Judge Reidinger continued to go over questions regarding the guilty plea and those circumstances. T12-13

The Appellant stipulated that there was a factual basis to support his guilty plea and that the Court could accept evidence set forth in the presentencing report and the factual basis document. T13  Judge Reidinger accepted the guilty plea and found Appellant guilty and entered a judgment and verdict of guilty. T14

6

Judge Reidinger accepted the presentence report and found the total offense level as 33 and the criminal history category is III. T16-17  Judge Reidinger found that the guideline range called for a term of between 168 and 210 months. T17  The parties agreed to that range. T17

Judge Reidinger reviewed the factors set forth in 18 U.S.C. § 3553(a) and sentenced Appellant to a term of 168 months. T21

Appellant filed a notice of appeal on April 8, 2015.

## IV.  STATEMENT OF FACTS

The Presentence Investigation Report summarizes the facts underlying the offense and the plea.  The statement of the case, supra, outlines the offense related conduct, which is incorporated by reference herein in order to avoid duplication. The pre-sentence report summarized the offense conduct.

This case arose from a U.S. Drug Enforcement Investigation into methamphetamine and marijuana trafficking in 2013 in the Western District of North Carolina.  A stop from a license checking station resulted in a stop and the discovery of evidence.  A subsequent stop of Appellant resulted in the discovery of the evidence.

## V.  SUMMARY OF ARGUMENT

This brief is being filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant requests that the Court examine the record for any error which may exist. Appellant sets up the following possible arguments, also reflected in the Statement of Issues.

Did the District Court err in accepting Appellant's guilty plea? Did the District Court err in imposing the sentence of 168 months? Was the sentence procedurally and substantively reasonable? Did the District Court properly weigh and balance the sentencing factors? Was there an ineffective assistance of counsel which appears on the record? Was there any other error or plain error in acceptance of Appellant's guilty plea or in sentencing?

## VI.  STANDARD OF REVIEW

The issues of law herein are reviewed *de novo*.

## VII.  ARGUMENT

**A)   WHETHER THE TRIAL COURT COMPLIED WITH RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND PROPERLY ACCEPTED APPELLANT'S GUILTY PLEA**

*Standard of review: de novo.*

This Court should examine the Rule 11 plea colloquy under the plain error standard. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002).

8

The plea colloquy appears in the transcript. It appears that the District Court complied with all aspects of Rule 11 of the Federal Rules of Criminal Procedure. The Court engaged in a substantial Rule 11 inquiry which focused on the requirements of Rule 11. An examination of the plea colloquy transcript does not suggest any duress, coercion or other apparent prejudicial plain error. Appointed counsel cannot find any possible prejudicial error in the plea colloquy. There was no objection made to the District Court's Rule 11 hearing.

**B)  WHETHER APPELLANT'S SENTENCE MAY HAVE BEEN UNREASONABLE UNDER *U.S. V. BOOKER* AND WHETHER THE TRIAL COURT FAILED TO PROPERLY WEIGH AND APPLY THE STATUTORY SENTENCING FACTORS**

*Standard of Review: De Novo.*

See *U.S. v. Burnette*, 518 F.3d 942, 945, 948 (8th Cir. 2008); *U.S. v. Pepper*, 518 F.3d 949, 951 (8th Cir. 2008).

The sentence imposed was within the advisory guideline range and within the plea agreement.

The sentence must be reasonable as provided in *U.S. v. Booker*, 543 U.S. 220 (2005).

A possible issue for this Court to consider is whether the District Court may have failed to properly apply all of the relevant factors under 18 U.S.C. § 3553(a).

9

The following factors should have been applied by the Court in fashioning a fair and just sentence in this case pursuant to 18 U.S.C. § 3553(a):

1.  Nature and Circumstances of the Offense

2.  History and Characteristics of the Defendant

Section 3553(a)(1) also states that the Court shall consider the "history and characteristics of the defendant."

3.  Need for the Sentence Contemplated

Section 3553(a)(2) states that the Court, when considering what sentence to impose, shall consider the "need for the sentence imposed." In this regard, the statute provides that these factors shall include the need:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner.

In *Booker,* the Supreme Court recognized a "reasonableness" review which is required by *Booker*. See 125 S. Ct. at 769. See *U.S. v. Chavez-Diaz*, 444 F.3d 1223, 1228 (10th Cir. 2006).

As explained in *United States v. Hughes*, 396 F.3d 374 (4th Cir. 2005), opinion amended on rehearing, 401 F.3d 540 (4th Cir. 2005), a district judge must consider the factors listed in 18 U.S.C. § 3553(a) at sentencing including:

1)   the nature and circumstances of the offense and the history and characteristics of the accused;

2)  the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to give the defendant educational training, vocational training, medical care, or other correctional treatment;

3)  the kinds of sentence available;

4)  the advisory guideline sentencing range;

5)  the need to avoid unwarranted sentence disparities between co-defendants; and

6)  the need to provide restitution to victims.

The District Court referenced the advisory guidelines and the factors within 18 U.S.C. § 3553(a).

"A sentence after *Booker* may be unreasonable for both procedural and substantive reasons." *U.S. v. Montes-Pineda*, 445 F.3d 375, 378 (4th Cir. 2006). Therefore, the Court should consider whether the sentence imposed on Appellant was unreasonable and if so, it should therefore be vacated and remanded for resentencing.

11

### C) WHETHER THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL WHICH APPEARS ON THE RECORD

*Standard of Review: De Novo*

Appellant's counsel cannot find any ineffective assistance of counsel which appears on the existing record.

## VIII.  ANDERS REVIEW

### APPELLANT RESPECTFULLY REQUESTS THAT THIS COURT REVIEW THE RECORD FOR ANY FURTHER ERROR

*Standard of Review: De Novo.*

Appellant respectfully requests that this Court examine the record in its entirety for any prejudicial errors that may exist.  See *Anders v. California*, 386 U.S. 738 (1967).

## IX.  CONCLUSION

Wherefore, Defendant Appellant prays that this Court consider the entire record, and to afford relief for any prejudicial error, and to vacate his sentence, and remand for resentencing.

 /s/ J. Michael McGuinness
*J. Michael McGuinness*
*The McGuinness Law Firm*
P.O. Box 952
2034 Highway 701 North
Elizabethtown, N.C. 28337
910-862-7087 Telephone
910-862-8865 Facsimile
jmichael@mcguinnesslaw.com
Counsel for Appellant

13

# X.  CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,343*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>September 17, 2015</u>           <u>/s/  J. Michael McGuinness         </u>
                                           *Attorney for Appellant*

## XI. CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 17th day of September, 2015, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    Office of the U.S. Attorney
    100 Otis Street, Room 233
    Asheville, North Carolina  28801
    (82) 271-4661

    *Counsel for Appellee*

I further certify that on this 17th day of September, 2015, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via UPS Ground Transportation, upon defendant at the address below:

    Yair Guzman-Ortega
    Inmate Id No. 29406-058
    FCI Petersburg Medium
    Federal Correctional Institution
    Post Office Box 1000
    Petersburg, VA 23804

                            /s/  J. Michael McGuinness
                            *Attorney for Appellant*