*J. Michael McGuinness*
*Attorney At Law*
P.O. Box 952
Elizabethtown, N.C. 28337
910-862-7087 Telephone
910-862-8865 Facsimile

***ATTORNEY CLIENT PRIVILEGED COMMUNICATIONS***

September 17, 2015

Yair Guzman-Ortega
Inmate Id No. 29406-058
FCI Petersburg Medium
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804

*Re: United States v. Guzman-Ortega*

**Attorney Client Privileged Communication; By certified mail, return receipt requested**

Dear Mr. Guzman-Ortega:

    We hope that you are doing well.

    We recently concluded analyzing the record in your case including but not limited to the transcript from your arraignment, the transcript from your sentencing, and the documents developed in connection with your case.

    We have performed our work in the same manner that we do in handling all types of federal criminal appeals.  In particular, we have examined to determined whether there has been any violation of any of your rights relating to your guilty plea, your sentencing, the judgment and sentence imposed.

The procedures and information provided in your arraignment were in compliance with Rule 11 of the Federal Rules of Criminal Procedure which governs arraignments in guilty pleas. We could not find any basis for a possible error in your arraignment.

We examined the sentencing transcript including the pre-sentence report and other matters relating to sentencing. Judge Reidinger imposed a sentence at the bottom end of the applicable guideline range, which was consistent with your plea agreement.

There was no legal basis for Judge Reidinger to provide you with a sentence less than what you bargained for in your plea agreement.

Under these circumstances, there is a provision as result of case law by the United States Supreme Court in a case called *Anders v. California,* 387 U.S. 738 (1967). The *Anders* procedure provides that if appointed counsel cannot find any prejudicial error, that he or she is required to submit an "Anders Brief."

An *Anders* Brief sets up possible issues for the Court to consider. Under the *Anders* procedure, the Court of Appeals will undertake its own review of the record to determine if there was any prejudicial error or violation of your rights.

In addition to the above, your appeal is also constrained by the waiver of appeal rights which was specifically set forth in your plea agreement, which you agreed to and executed. That appeal waiver provides a basis for the Government to move to dismiss your appeal. While they have not yet done so, I would not be surprised if they do not take that approach eventually.

Under the *Anders* procedure, if you wish, you may file your own brief with the Court of Appeals as well. You should do so as soon as possible, within seven days.

The Court may impose relief for you if the Court determines that there has been prejudicial error and a violation of your rights.

We regret that we cannot be any more encouraging about some legal relief for you. We are required to follow the Anders procedure under these circumstances, when there is no identifiable basis for a legal argument that your rights were violated.

On September 4, 2015, we forwarded a copy for your review. We have not heard from you and are therefore filing the brief.

You may be able to raise any concerns or issues that you have with your trial court representation in a separate post conviction proceeding after your direct appeal is concluded. I am only appointed by the United States Court of Appeals to handle your direct criminal appeal. I do not practice in the area of post-conviction work and I do not undertake assignments for that type of matter.

Thank you very much for assistance and cooperation. We enjoyed working with you. We will accordingly keep you posted and will send you the Court's ruling.

Sincerely,
/s/ J. Michael McGuinness
J. Michael McGuinness